**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE NORTH FACE APPAREL CORP.

                          Plaintiff

    v.

FONTANA & FONTANA, INC. a/k/a
FONTANA, LTD. ; 34th STREET, INC.;
ROBERT FONTANA; JAREL ENTERPRISES,
INC.; JOHN DOES 1-10 and XYZ
COMPANIES 1-10,

                          Defendants.

CIVIL ACTION NO. _____

**COMPLAINT**

**[FILED UNDER SEAL PURSUANT
TO 15 U.S.C. § 1116]**

Plaintiff THE NORTH FACE APPAREL CORP. hereby files this Complaint for *inter alia* trademark counterfeiting and related claims against Defendants FONTANA & FONTANA, INC. a/k/a FONTANA, LTD.; 34TH STREET, INC., ROBERT FONTANA; JAREL ENTERPRISES, INC.; JOHN DOES 1-10 and XYZ COMPANIES 1-10, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

## THE PARTIES

1.      Plaintiff THE NORTH FACE APPAREL CORP. ("The North Face") is a corporation, organized and existing under the laws of Delaware, having a principal place of business at 3411 Silverside Road, Wilmington, Delaware 19810.

2.      Defendant FONTANA & FONTANA, INC a/k/a FONTANA, LTD. is a business believed to be operating at 8600 Crown Crescent Ct., Charlotte, NC 28227.

3.      Defendant ROBERT FONTANA is an individual whose true address is currently unknown.

4.      Defendant 34th STREET, INC is a business believed to be operating at 8600 Crown Crescent Ct., Charlotte, NC 28227.

5.      Defendant JAREL ENTERPRISES, INC. is a business believed to be operating at 39665 N. Linda Drive, Cave Creek, AZ 85331.

6.      The preceding named defendants are acting in conjunction with various defendant John and Jane Does and XYZ Companies whose identities are not presently known (collectively, "Defendants"). If Defendants' identities become known, the Complaint herein will be amended to include such names of these individuals and corporations.

7.      Defendants are doing business in New York and this District and are subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

8.      This is an action for trademark counterfeiting and trademark infringement, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of New York.

9.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of New York.

10.     This Court has personal jurisdiction over Defendants in that they transact business in the State of New York and this District.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that the Defendants are entities or individuals subject to personal jurisdiction in this District.

## BACKGROUND FACTS

**The North Face's Trademarks and Business**

12.     The North Face is the owner of the entire right, title and interest in and to, *inter alia*, the following federally-registered trademarks and service marks:

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 983,624 | THE NORTH FACE | Backpacks, sleeping bags, tents, snowshoes, skis and camping clothing, namely rainwear, parkas, vests, trousers, shoes, gloves and headgear. |
| 1,030,071 |  | Backpacks, sleeping bags, tents, snowshoes, skis and camping clothing, namely rainwear, parkas, vests, trousers, shoes, gloves and headgear. |
| 1,102,407 |  | Retail store, mail order, and distributorship services in the field of camping and outdoor gear, books, food, hardware and sports equipment. |
| 2,097,715 |  | Backpacks, sleeping bags, tents, snowshoes, skis and clothing, namely, parkas, vests, jackets, anoraks, pants, ski bibs, gloves, mittens, underwear, hats, headbands, caps, ski suits, gaiters, shorts, shirts and belts. |
| 2,897,197 | NEVER STOP EXPLORING | Backpacks, luggage, duffel bags, waist packs, sleeping bags, tents, clothing, namely, t-shirts, tops, shorts, sweatshirt, sweaters, pants, jackets, vests, anoraks, ski suits, ski jackets, ski vests, rain jackets, and rain pants, footwear and headwear. |
| 3,294,604 | THE NORTH FACE | Retail store, mail order, and |

3

| | | |
|---|---|---|
| | | distributorship services in the field of camping and outdoor gear, books, food, hardware and sports equipment. |
| 3,294,605 | THE NORTH FACE | Retail store, mail order, and distributorship services in the field of camping and outdoor gear, books, food, hardware and sports equipment. |
| 3,538,773 | THE NORTH FACE | Bags, umbrellas, sleeping bags, tents, tent accessories, clothing, retail services. |
| 3,630,564 | NEVER STOP EXPLORING | Retail store and on-line retail store services in the field of apparel, camping and outdoor gear, and outdoor sporting goods equipment. |

13.     All of the registrations listed above are valid, subsisting, unrevoked and uncancelled.  Additionally, many of the registrations are also incontestable.  The North Face also owns common law rights in these and other marks for use in connection with apparel and retail store services, including on-line retail store services.  The North Face's registered and common law trademarks are collectively referred to as the "THE NORTH FACE Marks." True and correct copies of these federal trademark registrations for the THE NORTH FACE Marks are attached hereto as **Exhibit A**.

14.     The North Face, its predecessors in interest, associated companies and authorized licensees have sold high quality technical and casual outdoor apparel, including t-shirts, and equipment and other products ("The North Face Products") for more than 40 years using its THE NORTH FACE Marks.

4

15.     THE NORTH FACE Marks have been widely promoted, both in the United States and throughout the world and are among the world's most famous and widely-recognized trademarks.  Consumers, potential consumers and other members of the public and outdoor products industry not only associate The North Face Products with exceptional materials, style and workmanship, but also recognize that The North Face Products sold in the U.S. originate exclusively with The North Face.

16.     The North Face maintains control standards for all The North Face Products. Genuine The North Face Products are distributed through a worldwide network of authorized licensees, distributors, and retailers, including The North Face retail stores and The North Face's Internet web store located at www.thenorthface.com.

17.     THE NORTH FACE Marks are featured prominently in the advertising and promotion of The North Face Products.  In 2010 alone, The North Face spent many millions of dollars advertising and promoting The North Face Products, which prominently bear the THE NORTH FACE Marks.  Plaintiff's THE NORTH FACE Marks are highly visible and distinctive worldwide symbols of excellence in quality and uniquely associated with The North Face.

18.     As a result, Plaintiff's THE NORTH FACE Products bearing the THE NORTH FACE  Marks generated hundreds of millions of dollars in sales in 2010 alone.

**DEFENDANTS' CONDUCT**

19.     Defendants have manufactured, imported, distributed, offered for sale and/or sold counterfeit goods, including t-shirts, bearing counterfeits of THE NORTH FACE Marks (the "Counterfeit Products") and continue to do so.

20.     The Counterfeit Products are not genuine The North Face Products.  Plaintiff did not manufacture, inspect or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution.

5

21.    Defendants' use of Plaintiff's THE NORTH FACE Marks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irrevocably harming Plaintiff.

## COUNT ONE

## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. § 1114)

22.    Plaintiff repeats and realleges the allegations above as is fully set forth herein.

23.    THE NORTH FACE Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and incalculable value, are highly distinctive, and have become universally associated in the public mind with The North Face Products and related services of the very highest quality and reputation finding their source from The North Face.

24.    Without Plaintiff's authorization or consent, and having knowledge of both Plaintiff's well-known and prior rights in Plaintiff's THE NORTH FACE Marks and the fact that Defendants' Counterfeit Products bear marks which are identical with or substantially indistinguishable from Plaintiff's THE NORTH FACE Marks, Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with The North Face's sale of genuine The North Face Products, in or affecting interstate commerce.

25.    Defendants' use of copies or simulations of THE NORTH FACE Marks on the Counterfeit Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are

6

associated with or are otherwise authorized by The North Face, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

26.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT TWO**

**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

27.     Plaintiff repeats and realleges the allegations above as is fully set forth herein.

28.     Without Plaintiff's authorization or consent, and having knowledge of both Plaintiff's well-known and prior rights in Plaintiff's THE NORTH FACE Marks and the fact that Defendants' Counterfeit Products bear marks which are intentionally confusingly similar to the Plaintiff's THE NORTH FACE Marks, Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with The North Face's sale of genuine The North Face Products, in or affecting interstate commerce.

29.     Defendants' use of copies or simulations of THE NORTH FACE Marks on the Counterfeit Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by The North Face, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

30.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

7

## COUNT THREE

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

31.     Plaintiff repeats and realleges the allegations above as is fully set forth herein.

32.     The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as The North Face Products sold and offered for sale by Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

33.     By misappropriating and using the Plaintiff's THE NORTH FACE Marks and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

34.     Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by Plaintiff, all to Defendants' profit and to Plaintiff's great damage and injury.

35.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's THE NORTH FACE Marks, in connection with their goods and services, in interstate commerce constitutes a false designation of origin and unfair competition.

36.     Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

NY 241,232,518v1

## COUNT FOUR

## COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT

37.    Plaintiff repeats and realleges the allegations above as if fully set forth herein.

38.    Plaintiff has built up valuable goodwill in Plaintiff's THE NORTH FACE Marks and trade names.

39.    With full knowledge of the fame of Plaintiff's THE NORTH FACE Marks and trade names, Defendants have traded, and continue to trade, on the goodwill associated with Plaintiff's THE NORTH FACE Marks and trade names, and mislead the public into assuming a connection between the Counterfeit Products and Plaintiff.

40.    Defendants' unauthorized use of Plaintiff's THE NORTH FACE Marks and trade names on the Counterfeit Products is likely to and does permit Defendants to pass off the Counterfeit Products to the general public as that of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendants.

41.    Defendants' acts of trademark and/or trade name infringement cause confusion, misleads and deceives the public as to the source of Defendants' Counterfeit Products, permits Defendants to pass off the Counterfeit Products as the Plaintiff's merchandise, and falsely suggests a connection between the Defendants and Plaintiff and, will continue to do so, in violation of the common law of the State of New York, and to the detriment of Plaintiff and the unjust enrichment of Defendants.

42.    Defendants' acts of trademark and/or trade name infringement have caused and will continue to cause Plaintiff irreparable harm unless restrained by this Court.  Plaintiff has no adequate remedy at law.

NY 241,232,518v1

## COUNT FIVE

### UNFAIR COMPETITION IN VIOLATION OF
### NEW YORK STATE COMMON LAW

43.    Plaintiff repeats and realleges the allegations above as if fully set forth herein.

44.    Plaintiff has built up valuable goodwill in Plaintiff's THE NORTH FACE Marks and the distinctive appearance of its genuine The North Face Products.

45.    Defendants' use of Plaintiff's THE NORTH FACE Marks is likely to and does permit Defendants to palm off Defendants' Counterfeit Products as those of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendants.

46.    Defendants, upon information and belief, with full knowledge of the fame of Plaintiff's THE NORTH FACE Marks, intended to and did trade on the goodwill associated with Plaintiff's THE NORTH FACE Marks and has misled and will continue to mislead the public into assuming a connection between Plaintiff and Defendants by Defendants' manufacture, importation, distribution, offer for sale and sale of the Counterfeit Products.

47.    Defendants' unauthorized use of Plaintiff's THE NORTH FACE Marks has caused and is likely to continue to cause Plaintiff damage by tarnishing the valuable reputation and images associated with Plaintiff and its genuine goods.  The Defendants have further palmed off their goods as Plaintiff's goods by Defendants' false labeling and misrepresentations to the consuming public, members of whom are likely to and do believe the Counterfeit Products emanate from or are associated with Plaintiff.

48.    The acts of Defendants, which permit and accomplish confusion, mislead and deceive the public as to the source of Defendants' goods, permit and accomplish palming off of Defendants' goods as those of Plaintiff and falsely suggest a connection with Plaintiff, constitute acts of unfair competition with Plaintiff in violation of the laws of the State of New York.

10

49.     Defendants' acts have caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court. The Plaintiff has no adequate remedy at law.

## COUNT SIX

### UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law § 349)

50.     Plaintiff repeats and realleges the allegations above as is fully set forth herein.

51.     Defendants, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in Plaintiff's THE NORTH FACE Marks, and the fact that Defendants' Counterfeit Products bear marks which are identical to Plaintiff's THE NORTH FACE Marks, Defendants have manufactured, imported, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Plaintiff's sale of genuine merchandise and in violation of New York General Business Law § 349.

52.     Defendants' use of copies or simulations of Plaintiff's THE NORTH FACE Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff.

53.     Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

54.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

11

1.    That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be permanently enjoined and restrained:

a.    from using Plaintiff's THE NORTH FACE Marks in any manner in connection with the advertising, offering for sale, or sale of any product not Plaintiff's, or not authorized by Plaintiff to be sold in connection with each of Plaintiff's THE NORTH FACE Marks;

b.    from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiff, which are not Plaintiff's or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's THE NORTH FACE Marks;

c.    from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d.    from further infringing all of Plaintiff's THE NORTH FACE Marks and damaging Plaintiff's goodwill;

e.    from otherwise competing unfairly with Plaintiff in any manner;

f.    from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff's THE NORTH FACE Marks; or

2.    That Defendants be required to deliver to Plaintiff any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, software, screens, dyes, templates, models, machinery, advertising matter, promotional, and other materials or documents in the possession of Defendants or under their control relating to or bearing any of Plaintiff's THE NORTH FACE Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, alone or in combination with any other words, or used in connection

12

with the advertising, offering for sale or sale of products not Plaintiff's, or not made under the authorization and control of Plaintiff.

3.      That Defendants be required to supply Plaintiff with a complete list of entities from whom they purchased and to whom they distributed and/or sold products falsely bearing Plaintiff's THE NORTH FACE Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, or products not authorized by Plaintiff to be sold in connection with each of said marks.

4.      That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 1-3, *supra*.

5.      That Defendants account for and pay over to Plaintiff profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of damages for infringement of Plaintiff's registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

6.      In the alternative, that Plaintiff be awarded statutory damages of $2,000,000 for each and every Plaintiff's THE NORTH FACE Mark counterfeited by each Defendant.

7.      That Plaintiff be awarded punitive damages in an amount to be proven at trial.

8.      That Plaintiff be awarded reasonable attorneys fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act and/or C.G.S.A. §§ 35-11(i), 42-110(a) *et seq.*, 42-110(b) *et seq.*

13

Dated: July 21, 2011     New York, NY

Respectfully submitted,

By: _____

G. Roxanne Elings (elingsr@gtlaw.com)
Daniel J. Navarro (navarrod@gtlaw.com)
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

David P. Callet (calletd@gtlaw.com)
(Pro hac vice motion to be filed)
Greenberg Traurig, LLP
2101 L Street, N.W.
Suite 1000
Washington, D.C. 20037

*Attorneys for The North Face Apparel Corp.*

14